UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JOSEPH SECO,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD.,
a foreign corporation,

       Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW the Plaintiff, JOSEPH SECO, individually, and pursuant to the Federal Rules of Civil Procedure, hereby files this Complaint to sue the Defendant, NCL (BAHAMAS) LTD., a foreign corporation (hereinafter also referred to as "NCL"), for injunctive and other relief pursuant to 42 U.S.C. §12181, *et. seq.* (hereinafter "THE AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief and for damages brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.* This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343.

2. Venue lies in this Court pursuant to 28 U.S.C. §1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that NCL's principal place of business is located in Miami-Dade County, Florida. Further,

NCL has consented in its passenger ticket contract to venue and jurisdiction in this Court.

## THE PARTIES

3. JOSEPH SECO is a resident of Miami-Dade County, Florida. JOSEPH SECO is handicapped, in that a spinal cord injury has left him confined to a wheelchair.

4. At all times material hereto, Defendant, NCL, was and is a cruise ship operator with its headquarters in Miami-Dade County, Florida.

5. Currently, JOSEPH SECO has future cruises planned on NCL in order to make up for the cruise he was on which was spoiled by his lack of access to various parts of the vessel Norwegian Sky.

6. Prior to institution of this litigation, Plaintiff JOSEPH SECO took a cruise with NCL on the vessel Norwegian Sky. On said cruise, Plaintiff found that there were no handicap accessible cabins that included a window or balcony. Only cabins located within the bowels of the vessel, which were all interior cabins, had handicapped accessibility. This condition is believed to exist fleet-wide on NCL vessels.

7. Further, Plaintiff JOSEPH SECO was unable to open the doors on the vessel without assistance. When no assistance was available from passing crew or passengers, Plaintiff could not access many portions of the vessel due to the doors being adjusted to a point where they could not be opened without the use of excessive force. This condition is believed to exist fleet-wide on NCL vessels.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. §12181, et seq.

10. Congress specifically found, inter alia, that[1]:

(i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and

---

[1] 42 U.S.C. §12101(a)(1) - (3), (5), and (9).

costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit[2]:

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12. The congressional legislation gave businesses a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).[3]

13. NCL falls within the definition of public accommodations covered by the Americans with Disabilities Act.

14. NCL is legally required to be, but is not in compliance with the ADA.

15. The ADA violations at issue, which are applicable to handicapped individuals include but are not limited to the following:

---

[2] 42 U.S.C. §12101(b)(1)(2) and (4).

[3] 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

4

I. <u>HANDICAPPED ACCESSIBLE CABINS:</u>

Guest cabins falls into several categories, including interior cabins, window-view cabins and cabins with a balcony. Many persons do not feel comfortable locked inside a ship with no window and no access to open air. However, the Norwegian Sky has no exterior cabins available to handicapped persons. Neither balcony nor window view cabins are available on said ship to persons with handicaps that confine them to a wheelchair. For persons with claustrophobia, or who are uncomfortable being housed below decks in an inside cabin, there are no reasonable accommodations available for them on the Norwegian Sky. NCL is required by law to provide accommodations for handicapped passengers that would allow them equal access to the vessel. However, the cabins that are offered below decks and without are view are not acceptable for the following reasons:

a. **Safety:** Handicapped persons confined to wheelchairs would be required to reach the safety of open decks and life boats should there be an emergency on board the vessel. In many emergencies, such as fire or collision, the elevators on board the vessel may be inoperable or otherwise unavailable. By placing all handicapped cabins below the open decks and below the level where the life boats are stored, NCL is creating an unsafe and untenable scenario where in an emergency a person in a wheelchair would be required to negotiate climbing up a number of stairs to reach safety. NCL does not have a sufficient number of staff in order to at all times assist handicapped persons to reach safety should an emergency occur on the vessel.

b. **Comfort:** One of the main reasons that people refuse to go on a cruise is the belief that they will feel too confined on a ship. (See various websites, including the

5

Cruise Lines International Association, Inc., which go to great lengths to "debunk" the commonly held notion that cruises are "confining," including but not limited to: http://www.cruising.org/vacation/frequently-asked-questions. In fact, one cruise line, Disney Cruises, has placed "virtual" portholes in its inside cabins to assist passengers from feeling confined. By failing to offer both balcony and window view cabins, NCL is unfairly discriminating against all handicapped persons, including JOSEPH SECO, who are interested in cruising but feel confined and/or claustrophobic and require or would prefer an exterior cabin. This condition is believed to exist fleet-wide on NCL vessels.

Reasonable Accommodation: a reasonable accommodation necessary to provide handicapped persons with fair, safe and equal access to NCL cruising on board the Norwegian Sky includes the conversion of a sufficient number of properly outfitted exterior cabins, including balcony and window view cabins, so that handicapped persons can have the choice of an exterior cabin when comfort or safety is an issue.

II. POWER ASSISTED DOORS:

The Norwegian Sky has various doors separating both passenger cabins and public areas, such as lounges, restaurants, shows, etc. Most public buildings and accommodations provide a "power-assisted" entry way for handicapped persons who are unable to open a regular door. NCL as a public accommodation is required by law to have accessible entryways to all public areas and to passenger cabins for persons with disabilities that make it difficult to open doorways. NCL has failed to provide reasonable accommodations for handicapped persons as follows:

Safety Concerns: Handicapped persons, including JOSEPH SECO, do not have the strength and dexterity to open the doorways located in many of the areas on board

the vessel Norwegian Sky. Should an emergency arise, said persons, including Plaintiff, would be unable to reach safety unless there are crew or passengers willing and available to assist. This condition is believed to exist fleet-wide on NCL vessels.

Reasonable Accommodation: a reasonable accommodation necessary to provide handicapped persons with fair, safe and equal access to NCL's public areas and passenger cabins would include the installation of power-assisted doors for handicapped persons at each point of entry for each public accommodation and for each handicapped cabin.

16. As a result of its failure to comply with the mandates of the ADA, NCL has discriminated against handicapped travelers, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the various NCL ships. Defendant's discrimination is specifically prohibited by 42 U.S.C. §12182, et seq.

17. NCL will continue to discriminate unless and until it is compelled by this Court remove all of the barriers to access upon its cruise ships, and to institute reasonable accommodations for individuals who are confined to a wheelchair or who have other strength or mobility issues, including but not limited to those specifically set forth herein, and to make all of its ships/ cruise services fully accessible to, and usable by guests with handicaps and their families.

18. During the course of this case, Plaintiff intends to have an accessibility expert conduct an inspection of all applicable cruise ships pursuant to Federal Rule of Civil Procedure 34, so as to identify each and every ADA violation present upon such cruise ships which affects individuals with developmental disabilities.

7

19. Unless and until Defendant is ordered and compelled to come into compliance with the ADA, Plaintiff and individuals with developmental disabilities will be harmed by NCL into the future.

20. The removal of all or most barriers to access and ADA violations present upon NCL ships is readily achievable and can be accomplished and carried out without unreasonable difficulty or expense, given the size and revenues of NCL.

21. There is no adequate remedy at law to rectify this situation, and Plaintiff and and other persons similarly situated are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until NCL is required to institute the reasonable accommodations set forth herein.

22. This Court is vested with authority to grant injunctive relief sought herein, including entry of an order requiring alteration and modification of the subject cruise ships, hiring and retention of appropriately trained and capable staff members, and all such changes to policies and procedure necessary to comply with the ADA.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from NCL[4].

WHEREFORE, Plaintiff, JOSEPH SECO, respectfully requests that this Court enter an order granting permanent injunctive relief, enjoining NCL from continuing its discriminatory practices, ordering NCL to remove physical barriers to access/services and alter its subject ships, policies, practices, and procedures so as to make all ships

---

[4] 42 U.S.C. §12205, 12117.

readily accessible to and usable by individuals with developmental disabilities, and awarding Plaintiff all of its reasonable attorney's fees, litigation expenses and costs.

## COUNT II
## UNJUST ENRICHMENT

24. Plaintiff re-avers and re-incorporates the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

25. As noted in detail above, NCL is required to provide equal access for handicapped cruise ship guests. However, NCL is not providing equal access, in violation of the ADA and other Federal law.

26. As a result of NCL's failure to comply with the ADA, Plaintiff has filled the void left by NCL's failures, and has himself undertaken the expense and difficulty of bringing this action, and of previously taken a cruise on the Norwegian Sky and noting the various ADA violations, so as to make NCL cruise ships accessible to the handicapped, as required by the ADA.

27. In creating ADA compliance on NCL cruise ships, Plaintiff has conferred a benefit on NCL, which would otherwise be in gross and blatant violation of the ADA with regard to handicapped guests who participate in cruises organized through Plaintiff.

28. NCL has knowledge that Plaintiff is providing this benefit. NCL is aware that Plaintiff has borne all expense necessary to create fair and equal access for handicapped guests on NCL cruise ships, including but not limited to providing exterior cabins and power-assisted doors so that handicapped persons can use said accommodations in the same or in a similar way that those accommodations are available for persons without disabilities.

29. Under the circumstances presented, it would be unjust, and NCL would be unjustly enriched, if it were to be able to keep and hold the financial benefit gained by forcing Plaintiff to comply with NCL's legal obligations. Accordingly, NCL must be required to repay Plaintiff for all expenses incurred in taking a past NCL cruise in which the ADA violations were discovered, as well as all costs and attorney's fees incurred in the bringing of this action.

WHEREFORE, for the foregoing reasons, Plaintiff, JOSEPH SECO, respectfully requests that this Court enter judgment on his favor, awarding all monies previously expended on his previous cruise to discover Defendant's ADA violations, as well as all funds to be expended in that regard through the date of judgment, and awarding all such other relief as this Court deems just and equitable under the circumstances.

Dated this 25th day of March, 2013.

Respectfully submitted,

BILLERA LAW, PLLC
2201 NW Corporate Blvd.
Suite 103
Boca Raton, FL 33431
Tel: 561-218-4639
Fax: 561-826-7847
Florida Bar No. 869041
Attorneys for Plaintiff

__*s/John F. Billera*_____
John F. Billera, Esq.
Florida Bar # 869041
john@billeralaw.com